United States Court of Appeals

For the Eighth Circuit

_____

No. 21-3887
_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas D. Dismuke, also known as Nicolas, also known as Crucial Cujo

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: December 12, 2022
Filed: December 27, 2022
[Unpublished]
_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Nicholas Dismuke pled guilty to being a felon in possession of a firearm and brandishing a firearm in furtherance of a crime of violence. The district court[1]

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

imposed a within-guideline-range sentence of 46 months on the possession count and a consecutive 180-month sentence on the brandishing count, a 96-month upward variance. Dismuke appeals his 180-month sentence.

At sentencing, a mitigation specialist[2] testified about mitigating biological, sociological, and environmental factors in Dismuke's background. In addition, a licensed forensic and clinical psychologist provided a report and testified about mitigating circumstances from a psychological perspective. The district court concluded Dismuke was likely to re-offend based in part on the psychologist's report. Dismuke argues this finding was clearly erroneous and amounted to procedural error. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Dismuke argues specifically that the report discussed factors from early in his life and spoke about his likelihood to offend in the first instance rather than his likelihood to re-offend.

Dismuke's argument fails for two reasons. First, it is unclear whether the court misinterpreted the report. Although the report was written in the past tense it did not indicate how the factors that made Dismuke likely to offend in the past have changed. The factors laid out in the report as making it likely Dismuke would offend still exist. It was reasonable for the district court to view the report as indicating Dismuke was likely to re-offend. Second, the report was only one of many factors the court considered during sentencing. Even without the psychologist's report, there was ample evidence to conclude Dismuke was likely to re-offend. We find no procedural error.

Dismuke also argues the sentence is unreasonable because the district court ignored mitigating history and imposed a sentence greater than necessary to satisfy

---

[2]The mitigation specialist, Tricia Russell, also works as a capital conflicts attorney with the Arkansas Public Defender Commission.

the purposes set out in 18 U.S.C. § 3553(a)(2). We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Feemster, 572 F.3d at 461. Here, the district court reviewed all the mitigating evidence, did not weigh any improper factors, and committed no clear errors of judgment. Id. Additionally, the district court made a specific finding that the sentence imposed was necessary to satisfy the § 3553(a) factors. See United States v. Parker, 762 F.3d 801, 812 (8th Cir. 2014) ("Where [a] district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable.") (citation omitted).

We affirm the judgment of the district court.

_____